IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| William D. Boling, IV, by and through his Power of Attorney and Father, William D. Boling, III, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Mohawk Industries, Inc.; and Elbert Dane Hammond, as agent and servant of Mohawk Industries, Inc., )<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | C/A No.: 3:09-cv-00046-JFA<br><br><br><br><br><br>ORDER |

This is a negligence action arising out of an accident that occurred around midnight on Interstate 20 when an 18-wheeler truck struck a young man[1] (the plaintiff) whose car was stopped on the side of the highway, resulting in the amputation of his legs. The case is before the court on the following motions: (1) plaintiff's motion to strike and exclude expert witness, Tyler Kress, and to strike certain portions of the deposition of plaintiff's expert, Jeff Muttart (ECF No. 43); (2) plaintiff's motion to strike and exclude defendants' witness, Judy Edwards Bruyn (ECF No. 58); (3) defendants' motion to accept four records-custodian affidavits out-of-time (ECF No. 48); (4) plaintiff's motion for partial summary judgment (ECF No. 49); (5) defendants' motion for summary judgment (ECF No. 50). The court conducted a hearing on July 19, 2010, and heard argument on each of these motions.

---

[1] The plaintiff is in his early 20s and at the time of the accident was returning to Columbia from his girlfriend's house in Lugoff. The plaintiff is suing by and through his power of attorney and father, William D. Boling, III.

At the hearing, the court denied the motions for summary judgment and took the remaining motions under advisement. In addition, the plaintiff withdrew the motion seeking to strike certain portions of the deposition of Jeff Muttart, and withdrew the motion to strike and exclude Judy Edwards Bruyn. After further review and consideration, the court denies the remaining motions as explained more fully below.

## I. Facts

On August 5, 2008, at 11:55 p.m., the plaintiff was traveling west on Interstate 20 when his car allegedly spun out of control and came to a stop on the side of the highway. The plaintiff allegedly got out of the car to inspect it and allegedly told the people who stopped to offer assistance that he did not need any help. Approximately 1-2 minutes later, an 18-wheeler truck driven by Elbert Dane Hammond, an employee of Mohawk Industries, approached the plaintiff at a high rate of speed. The plaintiff was unable to get out of the way, and the truck hit him, causing the immediate amputation of the plaintiff's left leg and resulting in the subsequent surgical amputation of his right leg.

The plaintiff is suing the driver of the truck and Mohawk Industries pursuant to theories of negligence and vicarious liability.

## II. Discussion

### A. Plaintiff's motion to strike and exclude expert witness, Tyler Kress, and to strike certain portions of the deposition of plaintiff's expert, Jeff Muttart (ECF No. 43)

The plaintiff seeks to strike and exclude the testimony of Tyler Kress, a human factors expert for the defense. The plaintiff contends that Kress's initial written report does not

adequately explain the basis and reasons for his opinions as required under Fed. R. Civ. P. 26(a)(2)(B), and that the plaintiff has been prejudiced thereby because the report caused surprise in anticipation of Kress's deposition. The plaintiff further contends that the supplemental report, which was provided on the day before the deposition, did not give the plaintiff enough time to prepare for the deposition. The defendants contend that the initial report was not deficient, that the supplemental report cured any alleged deficiencies, and that the plaintiff had ample time to review the report and to fully explore the expert's opinions during the 7-hour deposition.

Under the rules, an expert-witness disclosure must be accompanied by a written report that contains, among other things, a complete statement of all opinions the witness will express and the basis and reasons for them. Fed. R. Civ. P. 26(a)(2)(B). Once the report has been submitted, parties have a duty to supplement or correct it in a timely manner. Fed. R. Civ. P. 26(e)(1). This duty extends to both the information included in the report and the information given during the expert's deposition. Fed. R. Civ. P. 26(e)(2). "Any additions or changes to this information must be disclosed by the time the party's pre-trial disclosures under Rule 26(a)(3) are due." *Id.* Pre-trial disclosures must be made 30 days before trial. Fed. R. Civ. P. 26(a)(3).

In the case at hand, the defendants provided Kress's written report on the deadline set forth in the second amended scheduling order. The court finds that the report adequately explains the basis and reasons for Kress's opinions, which concern whether the plaintiff or the defendant truck driver had the better opportunity to avoid the accident. In addition, the

3

court finds that the supplemental report does not contain any new opinions but instead provides further explanation for opinions previously expressed as requested by the plaintiff. The supplemental report was provided in response to the plaintiff's objections and should not have created any surprise in anticipation of Kress's deposition. The items that the plaintiff characterizes as new are not in fact new opinions but are clarifications and explanations of prior opinions that were timely disclosed. Accordingly, and after careful review of the reports, the court denies the motion to strike Kress's testimony and to exclude him as a witness.

The plaintiff contends, however, that the court should strike Kress's testimony just as the court struck portions of the testimony of the plaintiff's experts, William Messerschmidt and Jeffrey Muttart. But the circumstances surrounding the court's prior ruling were different. To begin, the court did not strike the entirety of Messerschmidt's and Muttart's testimony as the plaintiff seeks to have done here. The court struck only portions of the testimony and did so because they were new and late. The court struck the portions of Messerschmidt's testimony that were not contained in his reports, that were raised for the first time in his deposition, and that were on an entirely different subject matter than what Messerschmidt was proffered to testify. Similarly, the court struck the supplemental report of Muttart because it contained opinions that were not previously disclosed, that were not provided by the expert disclosure deadline, and that were new.

The difference here is that the supplemental report provided by Kress does not contain new opinions and was provided before–as to opposed to during–his deposition. The

4

supplemental report contains additional detail and explanation of opinions already given. The court is therefore unwilling to exclude Kress as an expert or to exclude his deposition testimony and opinions in their entirety.

As to the portion of the motion seeking to strike testimony elicited in the deposition of the plaintiff's own expert witness, Jeffrey Muttart, that has been withdrawn by the plaintiff and is therefore denied as moot. Consequently, the portion of the motion seeking attorneys' fees associated with the taking of Muttart's deposition and the filing of the motion is also denied.

### B. Plaintiff's motion to strike and exclude defendants' witness, Judy Edwards Bruyn

The plaintiff withdrew this motion at the hearing and indicated that he will address the issues raised in the motion at trial. The motion is therefore denied as moot.

### C. Defendants' motion to accept four records-custodian affidavits out-of-time

Defendants seek an order permitting four records-custodian affidavits to be accepted out-of-time. The affidavits were filed on the last day of the discovery period, April 28, 2010. The affidavits are from the Federal Student Aid Information Center (FAFSA); Verizon Wireless; Horton Tire Co., Inc.; and Vistacore Systems, Inc., f/k/a Defender Technologies. The defendants contend that they filed the affidavits as soon as practicable, after receiving documents from third parties late in the discovery process. The plaintiff contends that he has been prejudiced by the late filing because he will not be able to challenge the affidavits now that the discovery period has expired.

After careful consideration, the court denies the motion. The affidavits are late and the plaintiff has been prejudiced thereby. *See* Local Civil Rule 16.02(D)(3) DSC ("Affidavits of records custodians which a party intends to offer for authentication in lieu of live testimony shall be served no less than thirty (30) days before the close of discovery unless otherwise ordered."). The court will, however, permit the defendants to call the records custodians to testify at trial, should issues regarding the authenticity of the documents remain.

In addition to opposing the late filing of the four records-custodian affidavits, the plaintiff asks the court to strike witnesses from the defendants' witness list that were named on the final day of discovery. The witnesses are an agent of Federal Student Aid Information Center (FAFSA) and an agent of T-Mobile, the plaintiff's cell-phone provider. The plaintiff contends that these disclosures are late and prejudicial. The defendants contend that the witnesses were identified in response to the plaintiff's objections to the records-custodian affidavit of the FAFSA agent, and in response to the plaintiff's answer to a request for admission concerning the cell-phone records. In the request for admission, the plaintiff admitted the authenticity of the T-Mobile documents, but denied that the documents indicate that text messages were sent and received at the times stated.

Under the local rules, witnesses should be identified as early in the discovery process as is feasible. Local Civil Rule 16.02(D)(2) DSC. Further, witnesses identified within the last 28 days of the discovery period will be presumed not to be timely identified, absent a showing of good cause. *Id.*

The court finds that the defendants had good cause for naming the witnesses when they did, and that the plaintiff has not been prejudiced thereby. The FAFSA agent was named in response to the plaintiff's objection to the records-custodian affidavit, which was not known until after the discovery deadline. The court does not see any harm in permitting the FAFSA agent to testify at trial concerning the authenticity of the FAFSA records, should authenticity remain an issue at the time of trial. As to the T-Mobile agent, the plaintiff should have anticipated the agent's participation in this case given that T-Mobile is the plaintiff's cell-phone provider and that the T-Mobile records were the subject of discovery. The scope and admissibility of the T-Mobile agent's testimony will, however, be closely scrutinized by the court at trial and will, of course, be subject to The Federal Rules of Evidence. For example, the T-Mobile agent will not be permitted to testify about whether and when the plaintiff actually sent or received text messages, given that such testimony is in the nature of expert testimony, and the agent was not disclosed as an expert witness within the time period prescribed in the second amended scheduling order.

In sum, the motion to permit the filing of records-custodian affidavits out-of-time is denied. The defendants may call the records custodians as witnesses at trial if issues concerning authenticity remain. The defendants are also permitted to call the witnesses identified on the final day of discovery, but the testimony of those witnesses will be limited to authentication-issues only.

> **D.** **Plaintiff's motion for partial summary judgment**

The plaintiff seeks partial summary judgment on the affirmative defense of

7

assumption of the risk. The plaintiff asks this court to find as a matter of law that the plaintiff did not assume the risk of being struck by the 18-wheeler. The plaintiff contends that he cannot be found to have assumed the risk because he does not remember the accident and the defendants cannot prove what he knew or did not know prior to the accident or whether he could have appreciated the risks involved. The defendants dispute the plaintiff's alleged memory loss and contend that assumption of the risk can be implied from the plaintiff's conduct.

Assumption of the risk is an affirmative defense that is waived if not pled. *Howard v. S.C. Dept. of Highways*, 538 S.E.2d 291, 294 (S.C. Ct. App. 2000). The defense has both subjective and objective elements. To establish assumption of the risk, "(1) the plaintiff must have knowledge of the facts constituting the dangerous condition; (2) the plaintiff must know the condition is dangerous; (3) the plaintiff must appreciate the nature and extent of the danger; and (4) the plaintiff must voluntarily expose himself to the danger." *Davenport v. Cotton Hope Plantation Horizontal Prop. Regime*, 508 S.E.2d 565, 569 (S.C. 1998). Assumption of the risk may also be implied from the plaintiff's conduct. *Id.* The defense is no longer an absolute bar to recovery but has been subsumed within the doctrine of comparative negligence. *Id. See also Howard*, 538 S.E.2d at 294 n.4 ("Although assumption of the risk is no longer recognized as a complete defense in a negligence action, it remains a facet of comparative negligence which may be charged to the jury.").

As stated at the hearing, the plaintiff's motion for partial summary judgment is denied. The evidence does not clearly establish the defense of assumption of the risk. Genuine issues

of material fact remain as to whether the plaintiff assumed the risk of being struck by the 18-wheeler.

### E. Defendants' motion for summary judgment

Defendants seek complete summary judgment in their favor on the basis that the plaintiff's negligence was the sole proximate cause of his injuries. The defendants maintain that the plaintiff had the better opportunity to avoid the accident and failed to do so. The defendants further contend that the plaintiff created a dangerous situation by traveling on a mini-spare tire at a high rate of speed. The defendants also contend that the truck driver had the legal right to occupy the portion of the highway that he did, and that the speed at which he was traveling was not the cause of the accident. Additionally, the defendants contend that the situation that the truck driver faced was unexpected and unpredictable. Finally, the defendants contend that they are entitled to summary judgment on the claim for punitive damages.

As the court stated at the hearing, this motion is denied. The court finds that there are several genuine issues of material fact in this case requiring consideration by a jury.

## III. Conclusion

In sum, the court denies the plaintiff's motion to strike and exclude expert witness, Tyler Kress, and to strike certain portions of the deposition of plaintiff's expert, Jeff Muttart (ECF No. 43); denies the plaintiff's motion to strike and exclude defendants' witness, Judy Edwards Bruyn (ECF No. 58); denies the defendants' motion to accept four records-

custodian affidavits out-of-time (ECF No. 48); denies the plaintiff's motion for partial summary judgment (ECF No. 49); and denies the defendants' motion for summary judgment (ECF No. 50). This case will proceed to trial during the September/October term.

      IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 27, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge