IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| William D. Boling, IV, | ) | C/A No.: 3:09-cv-46-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER APPROVING SETTLEMENT** |
| Mohawk Industries, Inc. and | ) | **AND DISMISSING ACTION** |
| Elbert Dane Hammond, as agent | ) | **WITH PREJUDICE** |
| and servant of Mohawk Industries, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action stems from an accident that occurred just before midnight on August 5, 2008 on Interstate 20 in Richland County where Plaintiff and his vehicle were struck by a tractor trailer truck driven by Elbert Dane Hammond while in the course and scope of his employment with Mohawk Industries, Inc. As a result of the collision, Plaintiff sustained significant personal injuries, including the traumatic amputation of both his legs. Plaintiff's Amended Complaint alleges a simple negligence cause of action against Hammond, and a cause of action against Mohawk for *respondeat superior* or vicarious liability based on Hammond's alleged negligence. No independent claims of negligence are asserted against Mohawk. Defendants admit Hammond was within the course and scope of his employment with Mohawk at the time of the accident, but deny Defendants are liable for the accident or Plaintiff's injuries.

Trial of this action was scheduled to commence on November 29, 2010. The parties selected a jury on November 9, 2010, and the Court held an extensive pre-trial conference on November 23, 2010, where the Court heard 18 motions *in limine* submitted by the parties. On November 24, 2010, the parties notified the Court that they had reached a compromised settlement agreement. On November 29, 2010, the parties placed the terms of the settlement on

the record, and the Court approved the terms of the settlement after questioning Plaintiff under oath. The Court now enters this order approving the settlement of this action pursuant to the terms of the parties' settlement agreement, and dismissing this action in its entirety and with prejudice. However, the Court will retain jurisdiction over the parties to enforce the terms of the settlement, if necessary.

The full settlement terms are set forth in the settlement agreement between the parties, which is hereby approved by the Court. After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiff's claims against Defendants, and after review of the settlement agreement and release, the Court finds the following:

1. In exchange for Plaintiff's agreement to dismiss this action in its entirety and with prejudice, Defendants agree to pay a single lump sum payment of One Million Five Hundred No/100 Dollars ($1,500,000.00) to Plaintiff no later than December 31, 2010.

2. Defendants' agreement to this settlement and payment of the settlement proceeds constitutes a compromise of a disputed and doubtful claim made by Plaintiff, and shall not constitute an admission of fault, liability, or wrongdoing by Defendants.

3. In making this settlement, Plaintiff discharges all claims against Defendants which were or might have been the subject of this action, including all claims and potential claims against Defendants that were or could have been alleged in the pleadings of this action.

4. The entire settlement amount constitutes damages on account of personal and physical injuries arising from the subject accident within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. No portion of the settlement proceeds represents

anything other than personal and physical injuries sustained by Plaintiff in the accident.

5.    Plaintiff agrees to satisfy and pay all hospital bills, doctors bills, and all other expenses that have been, or that may be incurred in the future as a result of the subject accident, and to fully satisfy and discharge all liens and claims relating to medical services arising from the subject accident, including all conditional payments made by Medicare, if any.  Plaintiff further aggress to indemnify, protect, and hold Defendants harmless from any liability or expense from any and all liens and medical expenses relating to Plaintiff, including Medicare.

6.    The parties have considered and protected Medicare's interest as it relates to this settlement.  Because Plaintiff may in the future become a Medicare beneficiary and will reasonably incur future medical treatment and needs regarding the personal and physical injuries sustained in the subject accident, the parties specifically considered whether a Medicare set-aside arrangement was appropriate.  However, because this settlement does not involve a work-related injury, and no regulations mandate a set-aside under these circumstances, the parties agree that Medicare's interest are properly considered in this instance absent the creation of a Medicare set-aside arrangement.  The Court finds that the parties have complied with the applicable Federal regulations and reasonably recognized Medicare's interests in this settlement.

7.    The parties agree to pay all of their own attorneys' fees and all other costs and expenses resulting to the parties or incurred by or on behalf of parties in connection with the subject accident and this action and settlement.

8.    The Court finds that there exists between Plaintiff and Defendants a contest and controversy, and that the agreement for compromise is just, reasonable, and adequate under all of

the circumstances of this case and in the best interests of the parties.  The Court further finds the settlement to have been reached in good faith.

IT IS THEREFORE ORDERED that the settlement of this action is fully approved pursuant to the terms of the parties' settlement agreement and release.

IT IS FURTHER ORDERED that this action is dismissed, in its entirety and with prejudice, precluding its re-filing, in this jurisdiction or elsewhere, and forever ending any litigation, disputes, or attempts to obtain relief or damages for any and all matters which were alleged or could have been alleged by Plaintiff against Defendants in this action arising from the subject accident.

IT IS FURTHER ORDERED that the Court will retain jurisdiction over the parties to enforce the terms of this settlement, if necessary

IT IS SO ORDERED.


January 7, 2011                                 Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge